IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOBBY MEAD, and KARRIE MEAD,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, A Nebraska Corporation; and ART BECKER TRANSPORTATION LLC,<br><br>Defendants. | **8:23CV170**<br><br>**THIRD AMENDED<br>FINAL PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Joint Motion to Amend Progression. (Filing No. 74.) The motion is granted. Accordingly,

IT IS ORDERED that the provisions of the Court's previous final progression order remain in effect, and in addition to those provisions, case progression shall be amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference presently scheduled for **September 5, 2024, is canceled**. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned judge by telephone on **September 3, 2024** at **10:00 a.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 51)

2) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the defendant(s):     **August 15, 2024**
    Rebuttal:     **September 15, 2024**

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the defendant(s):    **August 15, 2024**
    Rebuttal:    **September 15, 2024**

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **November 21, 2024**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is: **A party may take one deposition of each adverse party and of two other persons, exclusive of persons expected to give expert testimony disclosed pursuant to Rule 26(a)(2).**

    b. Depositions will be limited by Rule 30(d)(1).

5) The deadline for filing motions to dismiss and motions for summary judgment is **October 7, 2024**.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **October 7, 2024**.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned judge or assigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 30th day of July, 2024.

    BY THE COURT:

    s/ Joseph F. Bataillon
    Senior United States District Judge