IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOBBY MEAD, and KARRIE MEAD,<br><br>Plaintiffs,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, A Nebraska Corporation; and ART BECKER TRANSPORTATION LLC,<br><br>Defendants. | 8:23CV170<br><br>**MEMORANDUM AND ORDER** |

This is a negligence case brought after a collision between a semi-truck and a train at a railroad crossing in western Nebraska. This case now comes before this Court on Defendant's ("Union Pacific's") motion for partial summary judgment requesting a finding that Plaintiff Bobby Mead was negligent as a matter of law. Filing No. 57. Plaintiffs ("the Meads") resisted this motion. Filing No. 65. The Meads filed a motion to amend, supplement, and authenticate exhibits offered in support of their resistance to Union Pacific's motion for partial summary judgment. Filing No. 84. Union Pacific did not file a resistance to this motion. For the reasons stated herein, the Court grants the motion to amend and supplement and denies the motion for summary judgment regarding negligence.[1]

I.  **BACKGROUND**

Bobby Mead and his wife, Karrie Mead, Plaintiffs in this litigation, live in Cozad, Nebraska. Filing No. 20 at 2. Union Pacific, Defendant in this litigation, is a national

---

[1] There are additional pending motions which are not yet ripe for resolution and which the Court will resolve in due course at a later date.

1

railroad headquartered in Omaha, Nebraska. *Id.* On May 14, 2019, the Meads were operating a semi-truck as they drove through a railroad crossing in Dawson County, Nebraska. Filing No. 65 at 1. Bobby Mead was behind the wheel as the truck entered the crossing, referred to by its Department of Transportation crossing number as 816920J. Filing No. 59 at 1. Multiple tracks cross the road at this crossing. Filing No. 65 at 2. As the Meads entered the crossing, an on-coming Union Pacific train, traveling on the inside track, struck their truck. Filing No. 59 at 1. The Meads brought this negligence action against Union Pacific seeking damages for injuries they sustained in the collision. Filing No. 20 at 1. Union Pacific has countered that Mead was contributorily negligent as a matter of law. Filing No. 59.

II.     **STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "an adverse party cannot produce admissible evidence to support" a fact essential to the nonmoving party's claim. Fed. R. Civ. P. 56(c)(1)(A) & (B). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp.*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

III.  DISCUSSION

**A. The Meads' Motion to Amend Their Resistance to Union Pacific's Motion on Negligence**

The Meads filed this motion on September 6, 2024, seeking to authenticate exhibits referenced in their resistance to Union Pacific's motion for partial summary judgment on negligence. Filing No. 84. In support of the motion, the Meads filed an index

with exhibits containing the affidavits of the experts they retained to opine on matters that would bear on negligence. Filing No. 85. Union Pacific's response to the motion was due September 20, 2024. Union Pacific did not respond. The Court has carefully reviewed the Meads' unopposed motion and finds it should be granted. Accordingly, it will consider these exhibits in deciding the summary judgment motion.

### B. Union Pacific's Motion for Partial Summary Judgment to Find Plaintiff Bobby Mead Negligent as a Matter of Law

Union Pacific moves for a finding that Bobby Mead was contributorily negligent as a matter of law. Nebraska law spells out how a motorist should act when they encounter a signal indicating an approaching train at a railroad grade crossing. Neb. Rev. Stat. § 60-6,170. In relevant part, the statute states that any person driving a vehicle shall stop at the railroad crossing and not proceed until they can do so safely when the following applies: (1) a train approaching within one-quarter mile emits an audible signal and is an immediate hazard based on its speed and proximity to the crossing, (2) the approaching train or on-track equipment is plainly visible, and (3) a passive warning device is located at or in advance of the railroad crossing and an approaching train is either visible or has emitted an audible signal. *See* Neb. Rev. Stat. § 60-6,170.

In applying this statute, which the legislature transferred from Neb. Rev. Stat. § 39-655, Nebraska courts have also looked to a century-old test. "It is a well-established rule in Nebraska that a traveler on a highway, when approaching a railroad crossing, has a duty to look and listen for the approach of trains . . . and if he fails *without reasonable excuse* to exercise such precautions, then he is guilty of contributory negligence more than slight, as a matter of law." *Wyatt v. Burlington Northern Inc.*, 306 N.W.2d 902, 905 (Neb. 1981) (emphasis added).

The qualifying words, "without a reasonable excuse," as Nebraska courts have articulated, are of "great significance." *Crabtree v. Missouri Pac. R. Co.*, 124 N.W. 932, 936 (Neb. 1910). Indeed, "if there is a reasonable excuse for not seeing the approaching train . . . the question whether conduct in traversing a railroad crossing is reasonable is a matter for the jury." *Anderson v. Union Pac. R. Co.*, 426 N.W.2d 518, 525 (Neb. 1988). When discussing a reasonable excuse, the Nebraska Supreme Court has mentioned that "an obstruction preventing one from seeing the train or a distraction diverting the attention" of the driver might constitute a reasonable excuse that would preclude summary judgment. *Id*.

Union Pacific argues Mead caused the collision when he drove into the crossing "ignoring all of the warning signals and sounds." Filing No. 59 at 5. Union Pacific contends a video recording of the collision shows the "indisputable truth . . . [that the] Plaintiff failed to comply with the most basic rules of the road." *Id.* Union Pacific's position is that the recording is "an irrefutable and independent basis" for partial summary judgment finding Plaintiff Bobby Mead negligent as a matter of law. *Id.* at 6.

But the first excuse contemplated by the court in *Anderson* is one that the Meads have offered. Filing No. 65 at 11. The Meads claim Union Pacific placed a "432-foot steel wall of railcars" at an active crossing that obstructed Plaintiff Bobby Mead's view of an oncoming train. *Id.* Further, the Meads have an expert who contends this obstruction "deflected the sound of any approaching train." *Id.* The Meads' expert also contends the audible warnings provided by Union Pacific's train before it entered the crossing were inadequate under federal law. *Id.* at 10.

5

Because the Meads have alleged facts that form the basis of a reasonable excuse for not seeing Union Pacific's approaching train, the jury must decide whether the excuse is, in fact, reasonable. The jury can weigh the Meads's claims against the video evidence provided by Union Pacific. The jury may well find that the video demonstrates the Meads's excuse is not reasonable. But that determination is for the trier of fact, making a partial summary judgment finding Plaintiff Bobby Mead negligent as a matter of law, inappropriate.

## IV. CONCLUSION

THEREFORE, IT IS ORDERED THAT:

1. Plaintiffs' motion to amend, Filing No. 84, is granted.
2. Defendant's motion for partial summary judgment as to negligence, Filing No. 57, is denied.

Dated this 27th day of November, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge